CASE 48—PETITION EQUITY—MARCH 23.

## Myers vs. Williams.

APPEAL FROM THE GRANT CIRCUIT COURT.

Where a replevin bond was given for more than was due, and under an execution on the bond, the land of the surety was sold for less than two thirds of its value, and bought by plaintiff in the execution, the surety should be allowed to redeem after the expiration of the year. Application to the chancellor would, in such case, be the appropriate, if not the sole remedy.

W. S. RANKIN, for appellant, cited 13 *B. M.*, 175; 18 *B. M.*, 60; 10 *Pa. Rep.*, 20; 1 *Abbott*, 187.

E. H. SMITH for appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

The answer does not specifically deny that Wynans paid to plaintiff, Williams, sixteen dollars on the judgment recovered against him, before the debt was replevied; and, if it did, we think the payment is reasonably established by the proof. Myers afterwards became Wynans' surety in replevin bond, and his 35 acres of land was sold by execution issued on this bond, and Williams purchased it at $46 26, never having given credit for the payment of $16. Myers could not redeem

the land by tender to the plaintiff or in the clerk's office, without paying the whole debt; and as this was not due to Williams, who was both execution creditor and purchaser, we think Myers should be allowed to redeem by paying what was really due Williams, although the year had expired given by statute in which to redeem. His application to the chancellor was the appropriate, if, indeed, not the sole, remedy left him.

He should now be permitted to redeem upon equitable principles and by paying the residue of the debt not paid by Wynans.

Wherefore, the judgment is reversed, with directions to the court below for further proceedings in conformity to this opinion.